IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHELLE FRANKLIN, individually
and on behalf of the estate and wrongful
death beneficiaries of Agnes Franklin                              PLAINTIFF

V.                                         CIVIL ACTION NO. 3:18-CV-00196-NBB-JMV

GGNSC SOUTHAVEN LLC, d/b/a GOLDEN
LIVING CENTER SOUTHAVEN; GGNSC
ADMINISTRATIVE SERVICES LLC; GGNSC
CLINICAL SERVICES LLC; GGNSC HOLDINGS LLC;
GOLDEN GATE NATIONAL SENIOR CARE LLC;
GGNSC EQUITY HOLDINGS LLC; GOLDEN
GATE ANCILLARY LLC; SHIRLY CRUMP, Director of Nursing;
JOGN DOES 1-10; and Unidentified Entities 1-10 (as to Golden
Living Center Southaven n/k/a Diversicare-Southaven)               DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response,[1] complaint and applicable authority, the court is ready to rule.

Factual and Procedural Background

This case arises out of the alleged negligent care provided by Defendant Golden Living Center Southaven ("Golden Living"), a skilled nursing facility, to the now deceased Agnes Franklin. Franklin was admitted to Golden Living on November 5, 2014 and remained a resident until June 10, 2016. During her residency at Golden Living, Franklin allegedly suffered a myriad of medical problems which eventually led to her death.

---

[1]Defendants have moved to strike an exhibit attached to Plaintiff's reply in support of her motion to remand. The court, however, did not consider the exhibit in ruling on the instant motion.

On August 6, 2018, Plaintiff Michelle Franklin, daughter and administratrix of Agnes Franklin's estate, commenced the instant litigation in the Circuit Court of DeSoto County, Mississippi. Plaintiff asserts various tort claims against Golden Living and its corporate counterparts (hereinafter "Corporate Defendants") and Golden Living's Director of Nursing, Shirley Crump. Defendants promptly removed the action to this court on the basis of diversity jurisdiction. Plaintiffs now move to remand.

## Standard for Removal and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

"[R]emoval statutes are to be construed strictly against removal and in favor of remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 103 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the court." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The removing party bears the burden of establishing the basis of federal jurisdiction. *Id.*¸ *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Should the court have any doubts about is jurisdiction, "it should resolve those doubts by ordering a remand." *Dardeau v. West Orange-Grove Consolidated Independent School Dist.*, 43 F. Supp. 2d 722, 730

(E.D. Tex. 1999) (citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)).

## Discussion

For the court to have jurisdiction over this matter, it must be based on diversity of citizenship.[2] In moving to remand, Plaintiff argues that the court lacks diversity jurisdiction because the parties are not completely diverse. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). Plaintiff is a citizen of Mississippi. Corporate Defendants, as citizens of Delaware and California, are diverse from Plaintiff. Defendant Shirley Crump, however, is a citizen of Mississippi. Consequently, unless Defendants can show that an exception applies, the parties are not completely diverse and this court lacks jurisdiction.

Defendants argue that this court may disregard the citizenship of Crump because she has been fraudulently, or improperly, joined by Plaintiff to defeat federal jurisdiction. When a court's jurisdiction is premised on diversity jurisdiction, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). It is well-settled that courts place a heavy burden of persuasion "upon those who cry 'fraudulent joinder.'" *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a

---

[2] The parties agree that no federal question has been raised.

3

cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). Under the second prong, the removing party must demonstrate that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central R.R. Co.*, 358 F.3d 568, 573 (5th Cir. 2004).

In determining whether improper joinder is applicable, the court "must [] take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (quoting *Travis*, 326 F.3d at 649). Moreover, the court "must resolve all ambiguities of state law in favor of the non-removing party." *Id.*; *see also B., Inc.*, 663 F.2d at 549.

Defendants assert that Plaintiff has no possibility of recovery against Crump. In support, Defendants argue that, under Mississippi law, there is no common law or statutory duty of care owed by nursing home administrators or licensees to nursing home residents like Franklin. *See Howard v. Estate of Harper*, 947 So.2d 854, 862 (Miss. 2006). Defendants are correct in their assertion regarding the law as it relates to nursing home administrators and licensees; but that does not mean that Crump, as Golden Living's Director of Nursing, owed no duty of care to the nursing home residents. In fact, quite the opposite is true.

The Mississippi Supreme Court has expressly distinguished nursing home administrators and licensees from medical professionals like Crump. *See Howard*, 947 So. 2d at 860. Further, Mississippi law recognizes that nursing staff and directors of nursing are held to different standards of care than the standard applicable to corporate officers. *See Mariner Health Care, Inc. v. Estate of Edwards ex rel. Turner*, 964 So.2d 1138, 1156 Miss. 2007). Thus, logic dictates that directors of nursing owe some duty of care to nursing home residents. Moreover, this court

4

has found claims similar to those asserted here against a director of nursing to be potentially viable. *See Matthews v. SMV Property Holdings, LLC*, 2008 WL 5111075, * 2 (N.D. Miss. Dec. 3, 2008) (finding the application of improper joinder unwarranted after concluding that Defendants had not shown that plaintiff had no possibility of recovery against the nursing home's director of nursing).

In sum, Defendants point to no case law expressly discrediting the viability of Plaintiff's claims asserted against Golden Living's director of nursing, Shirley Crump. Thus, the court is not persuaded that there is "no reasonable basis . . . to predict that [Plaintiff] might be able to recover against [Crump]," *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), and, consequently, finds that Defendants have failed to meet their heavy burden in demonstrating that Crump has been improperly joined. In so concluding, the court emphasizes that, at this juncture, it does "not decide whether the plaintiff will actually or even probably prevail on the merits, but [instead] look[s] only for a possibility that [s]he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Accordingly, the court finds that Crump is a proper party and that, as a result, the court lacks diversity jurisdiction.

<u>Conclusion</u>

Based on the foregoing discussion, the court finds that Plaintiff's motion to remand is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 27th day of November, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**